IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RACHEL A. DAVIS ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> ) <br> CORELOGIC SAFERENT, INC ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil Action File <br><br> No.  15-cv-8890 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### I.  Preliminary Statement

1. This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*, and the New York Fair Credit Reporting Act, N.Y. Gen. Bus. Law § 380 et seq. ("NY-FCRA").

### II.  Jurisdiction and Venue

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. §§ 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

### III.  Parties

4. Plaintiff Rachel A. Davis is an adult individual who resides in the State of New York.

5. Defendant CoreLogic SafeRent, ("SafeRent") is a consumer reporting agency which provides background and employment screening services, risk-management services and products, information management products and services, and decisions-making intelligence.

SafeRent regularly conducts business in the Southern District of New York, and has a principal place of business at 7300 Westmore Road, Suite 3, Rockville, Maryland 20850.

### IV.            Factual Allegations

6.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history to third parties (hereafter the "inaccurate information").

7.     The inaccurate information includes an inaccurate criminal history labeling the Plaintiff as a convicted criminal, and personal identifying information.

8.     Specifically, the inaccurate information includes, but is not limited to, convictions from 2000 through 2008 from Harris County and Liberty County Texas, which do not belong to Plaintiff, but instead belong to another individual with the same or similar name as Plaintiff's.

9.     The inaccurate information negatively reflects upon the Plaintiff, and misidentifies Plaintiff as a person who has a criminal background.  It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as being convicted of theft, possession of a controlled substance, and criminal trespassing, because it mixed her criminal history with that of another person.

10.    Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

11.    Plaintiff has applied for and has been delayed in obtaining housing opportunities, including but not limited to, housing opportunities in October 2015. Plaintiff has been informed that the basis for this delay was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for the delay.

12. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have falsely reported false convictions on Plaintiff's consumer report.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost housing opportunity, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

### V.  CLAIMS

### COUNT ONE - FCRA

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. At all times pertinent hereto, Defendant was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

18. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b).

21. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO - N.Y. GEN. BUS. LAW § 380-j(e)

22. Plaintiff realleges and incorporates by reference all preceding allegations.

23. Section 380-j(e) of the NY-FCRA requires consumer reporting agencies to maintain reasonable procedures designed to assure maximum possible accuracy of the information concerning the individual about whom [a consumer] report relates. CoreLogic violated section 380-j(e) as to Plaintiff by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation and sale of a consumer report about Plaintiff by reporting inaccurate information concerning criminal convictions from Texas on Plaintiff's consumer report without including and/or cross checking the actual criminal public court record.

24. The violations by CoreLogic were willful, rendering Defendant liable for punitive damages, injunctive and declaratory relief and attorneys' fees and costs, pursuant to section 380-l of the NY-FCRA.

### VI.   JURY TRIAL DEMAND

25. Plaintiff demands trial by jury on all issues so triable.

## VII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o, §§ 380-l and 380-m of the NY-FCRA;

(e)     An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's consumer reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer information;

(f)     An order directing that Defendant send to all persons and entities to whom it has reported Plaintiff's inaccurate information within the last three years Plaintiff's updated and corrected consumer report; and

(g)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

*/s/ Adam G. Singer*

Adam G. Singer
**Law Office of Adam G. Singer, PLLC**
60 E. 42nd Street, Suite 4600
New York, NY 10165
asinger2@alumni.law.upenn.edu
212.842.2428
Attorney Bar # AS7294

Dated: November 11, 2015

5